**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**STEVEN LARSON,**

**Plaintiff,**

**v.**

**ANITA SCHLANK.,**

**Defendant.**

**Civil No. 01-1330 (MJD/SRN)**

**O R D E R**

---

SUSAN RICHARD NELSON, United States Magistrate Judge

Before the undersigned Magistrate Judge of District Court is Plaintiff Steven Larson's motion for appointment of counsel in connection with his Complaint for violation of civil rights pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding in forma pauperis, and Defendant Schlank was served on September 4, 2001, with the Summons and Complaint by the United States Marshal Service, in accordance with 28 U.S.C. § 1915(d).

A court may *request* an attorney to represent a person granted in forma pauperis status when the person is unable to afford counsel. 28 U.S.C. § 1915(e)(1). Whether to request counsel to represent a party in a civil action is a matter committed to the discretion

FILED NOV 15 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

of the trial court. Mosbry v. Mabry, 697 F.2d 213, 214 (8th Cir. 1982). Indigent parties do not have a constitutional or statutory right to counsel in civil cases, including civil rights cases. Wiggins v. Sargent, 753 F.2d 663, 668 (8th Cir. 1985).

Among the factors the court should consider in determining whether to request counsel are the factual complexity of the case, the ability of the plaintiff to represent his claims, the complexity of the legal issues and whether both the plaintiff and the court would benefit from representation by counsel for both parties. Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986).

The Court finds that neither the facts nor the legal issues raised in this case are so complex as to warrant a request for counsel to represent Mr. Larson. It appears to this Court that Plaintiff Larson has the threshold ability to articulate his claims and to argue his positions, and is therefore capable of self-representation. At this time, it does not appear that the assistance of counsel would substantially benefit either the Court or the Plaintiff. Accordingly, Plaintiff's motion will be denied without prejudice.

Based on the foregoing, and all the files, records and

proceedings herein,

**IT IS HEREBY ORDERED** that:

1) Plaintiff's Motion for Appointment of Counsel (Docket No. 2) is **DENIED WITHOUT PREJUDICE**.

Dated: November 14, 2001.

Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge