**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**Steven Larson,** **Civil No. 01-1330 (MJD/SRN)**

**Plaintiff,**

**v.**

**REPORT AND RECOMMENDATION**

**Anita Schlank,**

**Defendant.**

---

Plaintiff is pro se.

Noah A. Cashman, Assistant Minnesota Attorney General, on behalf of Defendant.

---

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-entitled matter came before the undersigned United States Magistrate Judge on Plaintiff's Motion for Summary Judgment by Reason of Default (Doc. No. 10), Plaintiff's Motion to Dismiss Complaint Without Prejudice (Doc. No. 15), and Defendant's Motion to Dismiss (Doc. No. 7). These motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons set forth below, this Court recommends that Plaintiff's Motion to Dismiss Complaint Without Prejudice be granted, Plaintiff's Motion for Summary Judgment by Reason of Default be denied as moot, and Defendant's Motion to Dismiss be denied as moot.

## I. PLAINTIFF'S MOTION TO DISMISS COMPLAINT WITHOUT PREJUDICE.

### A. Procedural History.

In the present case, Plaintiff filed the Complaint on July 23, 2001. On October 12, 2001,

FILED JUL 01 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Defendant filed her motion to dismiss, pursuant to Federal Rules of Procedure 12(b)(1) and 12(b)(6). And on November 19, 2001, Plaintiff filed his Motion to dismiss without prejudice.

**B. <u>Discussion.</u>**

The Federal Rules of Civil Procedure contain the following provisions for voluntary dismissal:

> Subject to the provisions of Rule 23(e), of Rule 66, and of any statute of the United States, an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs.

Fed. R. Civ. P. 41(a)(1).

The wording of this rule has forced courts to consider what effect a Rule 12(b)(6) motion has on a Plaintiff's right to dismissal by notice. Rule 12(b) states, "[i]f, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment." Thus, in certain instances, a Rule 12(b)(6) motion can be converted into a motion for summary judgment, and eliminate a plaintiff's right to dismissal. Consequently, courts have examined exactly when and how such a conversion takes place.

Recognizing that the Rule requires the court to take specific action to convert a 12(b)(6) motion into a summary judgment action, one court has explained,

> [T]he proper approach to Rule 12(b)(6) conversion is functional rather than mechanical. A motion to dismiss is not automatically transformed into a motion for summary judgment simply because matters outside the pleadings are filed with, and not expressly rejected by, the district court. If the district court chooses to ignore

> the supplementary materials and determines the motion under the Rule 12(b)(6) standard, no conversion occurs.

Garita Hotel Ltd. Partnership v. Ponce Fed. Bank, 958 F.2d 15, 18-19 (1st Cir.1992) (collecting cases).

And the Fourth Circuit has stated, "[w]e hold that a Rule 12(b)(6) motion to dismiss supported by extraneous materials cannot be regarded as one for summary judgment until the district court acts to convert the motion by indicating that it will not exclude from its consideration of the motion the supporting extraneous materials." Finley Lines JT. Protect. Bd. v. Norfolk So. Corp., 109 F.3d 993, 997 (4th Cir. 1997).

The Eighth Circuit addressed this issue in a class action suit in which defendants, pursuant to Rule 11, sought sanctions against the plaintiffs for filing a frivolous lawsuit. See Kurkowski v. Volcker, 819 F.2d 201 (8th Cir. 1987). The court explained that under either of the following rationales the district court possessed authority for the issuance of its postdismissal order:

> The defendants advance two possible bases of the district court's jurisdiction. First, they point out that they filed motions to dismiss before the plaintiffs voluntarily dismissed their action. Under Fed.R.Civ.P. 12(b), a defendant's motion to dismiss is transformed into a motion for summary judgment when matters outside the pleadings are also submitted to the court. When a motion for summary judgment is outstanding, dismissal must be pursuant to Rule 41(a)(2), thus the automatic dismissal provisions of Rule 41(a)(1)(i) would not apply. The second potential basis for the district court's jurisdiction is its inherent authority over the cases and parties before it. *See Obin v. District No. 9*, 651 F.2d 574, 582-84 (8th Cir.1981) (motion for attorney fees is collateral and independent claim; district court retains jurisdiction notwithstanding judgment on the merits).

Id. at 202.

While the court implied that submitting matters outside the pleadings to accompany a 12(b)(6) motion would transform the motion into one for summary judgment, Kurkowski has not been cited by courts for that rationale since. Instead, courts have cited Kurkowski for the alternative rationale that the court could still impose sanctions based on its inherent authority over the case. See e.g. Sequa Corp. v. Cooper, 245 F.3d 1036, 1037 (8th Cir. 2001) rehearing & rehearing en banc denied May 30, 2001.

Further, one court has since explained that Kurkowski can not stand for the proposition that by containing matters outside the pleadings a 12(b)(6) motion is automatically converted into a summary judgment motion. That court explained that "[a] careful reading of *Kurkowski* reveals that it was not the motion for sanctions itself which converted the motion to dismiss to a motion for summary judgment, but rather the evidence produced at a hearing that related to the motion to dismiss." Met-Coil Systems Corp. v. Engel Indus., Inc., 22 F.3d 1104 1994 WL 87086, **2 (Fed. Cir. 1994) (non-precedential opinion by the Engel I panel).[1]

In Yosef v. Passamaquoddy Tribe, 876 F.2d 283, 286 (2d Cir. 1989), the Second Circuit also seemed to indicate that submitting matters outside the pleadings to accompany a 12(b)(6) motion would transform the motion into one for summary judgment. However, the Fourth Circuit has since noted that this reasoning was "possibly dicta--because it is unclear from the opinion whether the district court actually considered extraneous materials attached to the motion to dismiss and so converted the motion to one for summary judgment prior to the plaintiff's filing

[1]The Court also notes that Kurkowski involved a class action suit, and, hence, implicated Rule 23(e). The language of Rule 41(a)(1) renders a plaintiff's right to dismissal "subject to the provisions of Rule 23(e)." This limitation clearly results from Rule 23(e)'s requirement of court approval for class action dismissals. Thus, Kurkowski's alternative reasoning is both factually and legally distinguishable from the present case.

the Rule 41(a)(1)(i) notice." Finley, 109 F.3d at 995. The court, in Finley, went on to explain that

> First, and most obviously, the plain language of the rule does not permit conversion upon service. Rule 12(b)(6) does not provide that a motion to dismiss supported by materials outside the pleadings shall be treated as one for summary judgment when "filed" with the court or when "served" on a party. Rather, the rule expressly states that a motion to dismiss supported by such materials "shall be treated" as a summary judgment motion only when the materials are "presented to and not excluded by the district court." Fed.R.Civ.P. 12(b)(6). This language can only mean, as Professor Moore has concluded, that the "mere submission [or service] of extraneous materials does not by itself convert a Rule 12(b)(6) motion into a motion for summary judgment." 2A James Wm. Moore, *Moore's Federal Practice* ¶ 12.09[3] (2d. ed.1996).
>
> Moreover, holding as Norfolk urges would undermine one of the critical features of the conversion provision of Rule 12(b)(6). If a motion to dismiss supported by extraneous materials automatically converts to a summary judgment motion upon service, the discretion Rule 12(b)(6) vests in the district court to determine whether or not to "exclude" matters outside the pleadings would be eliminated. Id. *See e.g., Wilson-Cook*, 942 F.2d at 247; *Keeler v. Mayor & City Council of Cumberland*, 928 F.Supp. 591, 594 (D.Md.1996); *Walker v. Tyler County Comm'n*, 886 F.Supp. 540, 542 n. 1 (N.D.W.Va.1995).

Id. at 995-96.

Consistent with Finley, many courts cite the following reasoning when determining what effect the Rule 12(b) motions have on a plaintiff's right to dismissal:

> A motion to dismiss is neither an answer nor, unless accompanied by affidavits discussing matters outside the pleadings that are not excluded by the court, a motion for summary judgment; thus, unless formally converted into a motion for summary judgment under Rule 56, a motion to dismiss under Rule 12 does not terminate the right of dismissal by notice.

9 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2363, at 259 (2d. ed. 1995).

Further, courts have acknowledged the competing interests that arise in this situation, and still concluded that a Rule 12(b)(6) motion should not automatically prevent a plaintiff from dismissing a case.

> As the plain terms of Rule 41(a)(1)(i) establish, a plaintiff has an absolute right to dismiss a lawsuit before the defendant has filed an answer or summary judgment motion. The defendants here concededly filed neither, and the district court therefore should have dismissed the complaint without prejudice.
>
> The defendants complain that they expended considerable effort in preparing their motion to dismiss, and they argue that their dismissal motion should therefore be treated as the equivalent of an answer. Under that approach, rule 41(a)(1) would be inapplicable, and the dismissal would be governed by rule 41(a)(2):
>
>> Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.
>
> Rule 41, however, sanctions no such case-by-case analysis of the amount of effort expended by defendants. Nor does the fact that defendants had "joined issue" on the merits affect plaintiff's ability to dismiss his suit. Unless a defendant has filed an answer or summary judgment motion, the governing provision is rule 41(a)(1). Defendants who desire to prevent plaintiffs from invoking their unfettered right to dismiss actions under rule 41(a)(1) may do so by taking the simple step of filing an answer.

Carter v. United States, 547 F.2d 258, 259 (5th Cir. 1977).

> Similarly, we decline to agree with the District Court's action and follow those cases which "treat" motions to dismiss filed pursuant to Rule 12(b)(6) as summary judgment motions for the purpose of barring voluntary dismissal. Rule 41(a)(1) explicitly leaves the option to dismiss in the plaintiff's hands; once plaintiff gives his notice, the lawsuit is no more.

Aamot v. Kassel, 1 F.3d 441, 444 (6th Cir. 1993) citing Carter, 547 F.2d at 259.

**C. The Court's Recommendation.**

The Court recommends granting Plaintiff's motion. At the time Plaintiff filed his motion to dismiss, he retained the right to dismissal without prejudice. Defendant brought a motion for dismissal based on Rules 12(b)(1) and 12(b)(6). And in support of its Rule 12(b)(6) argument, Defendant attached a prior state court ruling in which Plaintiff was a party. However, at the time Plaintiff filed his motion, the Court had not yet considered Defendant's motion, much less decided whether or not to exclude the attachment. As a result, Defendant's 12(b)(6) motion could not yet have been converted into a motion for summary judgment.

In addition, Plaintiff's own motion for summary judgment by reason of default can not deprive him of the right to take a voluntary dismissal. Rule 41 states that a plaintiff retains that right at any time "before service by the adverse party of an answer or of a motion for summary judgment." Hence, Plaintiff's own motion for summary judgment does not prevent him from subsequently moving for dismissal without prejudice. Therefore, dismissal without prejudice is proper, pursuant to Rule 41(a)(1)(i).

Because dismissal without prejudice is proper in this case, the Court recommends denying both of the other pending motions as moot.

Based upon the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED that:**

(1) Plaintiff's Motion to Dismiss Complaint Without Prejudice (Doc. No. 15), be **GRANTED**;

(2) Plaintiff's Motion for Summary Judgment by Reason of Default (Doc. No. 10) be **DENIED AS MOOT**;

(3) Defendant's Motion to Dismiss (Doc. No. 7) be **DENIED AS MOOT**.

Dated: June 28, 2002.

Susan Richard Nelson

SUSAN RICHARD NELSON
United States Magistrate Judge

Under D. Minn. LR 72.1(c)(2) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by July 12, 2002, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.